UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TODD HUDSON, as personal representative )
of the Estate of WILLIAM HUDSON, Deceased, )
  )
    Plaintiff, )
  )
    v. ) Case No. 2:16-cv-41
  )
ARCELORMITTAL BURNS HARBOR, )
LLC formerly known as ISG BURNS )
HARBOR, LLC, )
  )
    Defendant. )

## OPINION AND ORDER

This matter is before the court on the Motion to Compel the Limited Non-Expert Medical Discovery Depositions of Coroner Charles "Chuck" Harris and Dr. Sammi M. Dali, M.D. [DE 25] filed by the defendant, ArcelorMittal Burns Harbor, LLC, formerly known as ISG Burns Harbor, LLC, on December 2, 2016. For the following reasons, the motion is **DENIED.**

*Background*

William Hudson died while snowplowing at the ArcelorMittal facility as an employee of Tranco Industrial Services, Inc., on January 9, 2014. The plaintiff has alleged that the defendant, ArcelorMittal, failed to warn Hudson of a manhole buried under seventeen inches of snow. Hudson hit the manhole cover, triggering a cardiac event that lead to his death.

ArcelorMittal during fact discovery informed the plaintiff of its intention to subpoena Charles Harris and Dr. Sammi M. Dali for depositions in their capacity as non-expert witnesses. The plaintiff indicated that Harris and Dr. Dali were retained experts and their depositions were governed by the expert discovery deadlines. The deadlines, as set in the case management order, indicate that the plaintiff's expert witness disclosures and reports are due by March 15, 2017.

Harris was employed as the Porter County's Coroner, and Dr. Dali treated Hudson for several years at the LaPorte Hospital. ArcelorMittal is seeking their testimony regarding their observations, diagnoses, treatment, and personal knowledge of Hudson's physical condition and medical history up to and immediately after his death. Therefore, ArcelorMittal has requested to depose Dr. Dali and Harris in their non-expert witness capacities and again as the plaintiff's retained experts in the appropriate stages of this matter.

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. ***Borom v. Town of Merrillville***, 2009 WL 1617085, at *1 (N.D. Ind. June 8, 2009) (citing ***Sanyo Laser Prods., Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see* ***Adams v. Target***, 2001 WL 987853, at *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); ***Shapo v. Engle***, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)–(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 Ibew*, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citing *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009) (internal citations omitted); *Carlson Rests. Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.*, 2009 WL 692224, at *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing *Graham v. Casey's Gen. Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted); *see* *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

ArcelorMittal has argued that Dr. Dali and Harris possess crucial facts and opinions that were not formed in anticipation of litigation. ArcelorMittal contends that it is entitled to take Dr. Dali's deposition as a non-expert regarding the medical care and treatment provided to Hudson and his personal knowledge of Hudson's cardiac health. Also, ArcelorMittal contends that it is entitled to question Harris about his education and professional background, his experience as a coroner, his observations relating to investigating the decedent's cause of death, his basis for issuing his initial verdict, and his personal knowledge of the decedent.

The plaintiff has indicated that the information and facts that ArcelorMittal is seeking from Dr. Dali and Harris in their non-expert capacity is foundational to their expert opinions. The plaintiff indicated that Dr. Dali's and Harris' observations of Hudson alone do not establish the basis of an expert opinion, but combined with the information later obtained and all of their training, knowledge, and experience form an expert opinion. Dr. Dali's and Harris' opinions are based on first-hand knowledge and information supplied by plaintiff's counsel.

ArcelorMittal has argued that it would be prejudiced by depriving it the ability to develop a factual record outside the expert discovery period if it cannot take the depositions of these witnesses prior to the close of fact discovery on February 15, 2017. ArcelorMittal contends that it would be limited in its ability to provide its consultants facts that were testified to by Dr. Dali and Harris in a timely manner. Also, ArcelorMittal contends judicial economy is served by taking two depositions to prevent forfeiture of critical fact discovery or having to re-open discovery.

The plaintiff indicated that ArcelorMittal would only wait an additional month until March 15, 2017, to depose Dr. Dali and Harris as retained experts. Also, the plaintiff contends that ArcelorMittal will be able to ask the same questions under the same conditions in one

deposition. Therefore, considering time and expense judicial economy requires that Dr. Dali and Harris be deposed once.

The court sees no reason for ArcelorMittal to take the depositions of Dr. Dali and Harris twice. According to the case management schedule set by the court, the parties are to complete fact discovery and non-expert medical discovery by February 15, 2017, the plaintiff's expert witness disclosures and written reports are due by March 15, 2017, and the ArcelorMittal's expert witness disclosures and written reports are due by May 18, 2017. ArcelorMittal will have adequate time after receiving the plaintiff's reports to depose Dr. Dali and Harris, as well as prepare its own consultants with the facts testified to by Dr. Dali and Harris.

Based on the foregoing reasons, the Motion to Compel the Limited Non-Expert Medical Discovery Depositions of Coroner Charles "Chuck" Harris and Dr. Sammi M. Dali, M.D. [DE 25] is **DENIED.**

ENTERED this 24th day of January, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge