UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TODD HUDSON, as personal representative of the Estate of WILLIAM HUDSON, Deceased, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:16-cv-41 |
| | ) |
| ARCELORMITTAL BURNS HARBOR, LLC formerly known as ISG BURNS HARBOR, LLC, | )<br>)<br>)<br>) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Emergency Motion to Stay Expert Discovery, Compel Discovery Responses and for Leave to Conduct Additional Fact Discovery [DE 29] filed by the defendant, ArcelorMittal Burns Harbor, LLC, on April 26, 2017. For the following reasons, the motion is **GRANTED in part and DENIED in part.**

*Background*

William Hudson died while snowplowing at the ArcelorMittal facility on January 9, 2014. The plaintiff, Todd Hudson as Personal Representative of the Estate of William Hudson, deceased, has alleged that the defendant, ArcelorMittal Burns Harbor, LLC, was negligent in failing to warn Hudson of a snow-covered manhole cover. Hudson unexpectedly hit the manhole cover triggering a cardiac event that led to his death.

On November 9, 2016, the parties filed a Motion for Extension of Time to Complete Discovery [DE 22]. In light of the parties' agreement, the court set the following scheduling deadlines: all fact discovery completed by February 15, 2017; plaintiff's expert witness disclosures and reports submitted by March 15, 2017; and defendant's expert witness disclosures

and reports submitted by May 18, 2017. The plaintiff has indicated that fact discovery was completed timely and that there were no issues, complaints, objections, or outstanding matters raised by either party. On March 15, 2017, the plaintiff disclosed six expert witnesses and provided their reports to ArcelorMittal. The parties then scheduled dates for plaintiff's experts to be deposed. The parties deposed three of the experts as scheduled, but following Coroner Chuck Harris' deposition on April 19, 2017, ArcelorMittal filed this motion requesting that expert discovery be stayed and that fact discovery be reopened. The plaintiff's remaining three experts have not been deposed. ArcelorMittal also has requested that the plaintiff supplement Rule 26(a)(1) disclosures and the response to Interrogatory No. 20.

ArcelorMittal did not file a separate Local Rule 37.1 certification along with its Emergency Motion to Stay Expert Discovery, Compel Discovery Responses and for Leave to Conduct Additional Fact Discovery [DE 29]. However, ArcelorMittal indicated in the motion that counsel had conferred telephonically with plaintiff's counsel regarding the requested discovery extension.

*Discussion*

"A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." **N.D. Ind. L.R. 37-1(a)**. The certification must include the date, time, and place of any conference or attempted conference and the names of any participating parties. **N.D. Ind. L.R. 37-1(a)(1) and (2)**. The court may deny any motion that failed to include the required certification. **N.D. Ind. L.R. 37-1(b)**.

ArcelorMittal has indicated in the motion that it conferred with plaintiff's counsel and that counsel objected to the request for a discovery extension. The court will address the

2

underlying issues rather than denying ArcelorMittal's motion pursuant to Local Rule 37-1 and simply delaying a resolution of this dispute. *See* ***Felling v. Knight***, 2001 WL 1782361, at *1 (S.D. Ind. Dec. 21, 2001) ("[T]he briefs leave little doubt that the parties will not reach mutual agreement on the issues raised. Therefore, the court will address the underlying issues rather than deny the motion solely on the basis of a procedural shortcoming. To hold otherwise would do little other than delay resolution of these issues . . . .").

ArcelorMittal has requested that the court stay expert discovery and that it reopen fact discovery for an additional 30 days. The court has incidental power to stay proceedings, which stems from its inherent power to manage its docket. ***Landis v. N. Am. Co.***, 299 U.S. 248, 254–55, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936); ***Tonn & Blank Constr., LLC v. Sebelius***, 968 F. Supp. 2d 990, 992 (N.D. Ind. 2013). The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. ***Brooks v. Merck & Co.***, 443 F. Supp. 2d 994, 997 (S.D. Ill. 2006); ***Rutherford v. Merck & Co.***, 428 F. Supp. 2d 842, 845 (S.D. Ill. 2006); ***Walker v. Monsanto Co. Pension Plan***, 472 F. Supp. 2d 1053, 1054 (S.D. Ill. 2006). "Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." ***Abbott Labs. v. Matrix Labs., Inc.***, 2009 WL 3719214, at *2 (N.D. Ill. Nov. 5, 2009). "The general test for imposing a stay requires the court to 'balance interests favoring a stay against interests frustrated by the action' in light of the 'court's paramount obligation to exercise jurisdiction timely in cases properly before it.'" ***SanDisk Corp. v. Phison Elecs. Corp.***, 538 F. Supp. 2d 1060, 1066 (W.D. Wis. 2008) (citing ***Cherokee Nation of Okla. v. United***

*States*, 124 F.3d 1413, 1416 (Fed.Cir.1997)). The moving party must show good cause to stay discovery. ***Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc.***, 2011 WL 4538089, at *1 (S.D. Ind. Sept. 29, 2011) (applying Rule 26(c) good cause standard to motion to stay); ***DSM Desotech, Inc. v. 3D Sys. Corp.***, 2008 WL 4812440, at *1 (N.D. Ill. Oct.28, 2008) (same).

Federal Rule of Civil Procedure 16(b) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the court. *See* ***Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust***, 290 F.3d 843, 851 (7th Cir. 2002); ***Briesacher v. AMG Res., Inc.***, 2005 WL 2105908, at *2 (N.D. Ind. Aug. 31, 2005). Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timetable could not be met." ***Tschantz v. McCann***, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

ArcelorMittal has requested that fact discovery be reopened for counsel to take the fact depositions of Dr. Dali and Deputy Coroner Dave Atkins. ArcelorMittal has indicated that it initially was reported that Dr. Dali had agreed to sign Hudson's death certificate. Therefore, ArcelorMittal has argued that it is unclear what information was provided to Dr. Dali by plaintiff's counsel or considered by him that later prompted him not to sign the death certificate. ArcelorMittal contends that the information considered by Dr. Dali was not disclosed in discovery, provided as foundational fact or data in his expert report, or included in the plaintiff's Rule 26(a)(1) initial disclosures. The plaintiff contends that ArcelorMittal unilaterally canceled Dr. Dali's deposition, and therefore it has not had the opportunity to question Dr. Dali regarding these issues.

ArcelorMittal requested in the Motion to Compel the Limited Non-Expert Medical Discovery Depositions of Coroner Harris and Dr. Sammi M. Dali, M.D. [DE 25] filed on December 2, 2016, that it depose Dr. Dali both in his non-expert capacity and as an expert. On

4

January 24, 2017, the court issued an Opinion and Order [DE 28] indicating that there was no reason for ArcelorMittal to take Dr. Dali's deposition twice. The court reasoned that ArcelorMittal would have time to depose Dr. Dali, as well as have ample time to prepare its experts. ArcelorMittal has not indicated that there has been a significant change in the law or facts since it originally presented this issue to the court.

Next, ArcelorMittal has indicated that Harris testified to the involvement of an additional witness, Deputy Coroner Atkins, who assisted in the investigation of Hudson's death. Atkins' involvement in Hudson's death investigation was disclosed in the Coroner's Verdict, which was produced to ArcelorMittal's counsel in plaintiff's Rule 26(a)(1) disclosures. Therefore, ArcelorMittal should have been aware that Atkins was involved in Hudson's death investigation since the beginning of this matter, and it had every opportunity to seek additional information from him during fact discovery. ArcelorMittal has not offered a legitimate reason for not deposing Atkins earlier or any new evidence to the contrary. ArcelorMittal has not demonstrated good cause that, "despite its diligence the established timetable could not be met." ***Tschantz,*** 160 F.R.D. at 571. Therefore, the court **DENIES** staying expert discovery and reopening fact discovery for the purpose of taking the depositions of Dr. Dali and Deputy Coroner Atkins.

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)–(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." ***Gregg v. Local 305 Ibew***, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citing ***Kodish v. Oakbrook Terrace Fire Prot. Dist.***, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); ***McGrath v. Everest Nat. Ins. Co.***, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009) (internal citations omitted); ***Carlson Rests. Worldwide, Inc. v. Hammond Prof'l***

*Cleaning Servs.*, 2009 WL 692224, at *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing *Graham v. Casey's Gen. Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). The court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted); *see Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

ArcelorMittal has requested that the plaintiff supplement the Rule 26(a)(1) initial disclosures. Without awaiting a discovery request, a party must provide to the other parties

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

**Federal Rule of Civil Procedure 26(a)(1)(A)(i) and (ii)**. "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate . . . ." **Federal Rule of Civil Procedure 26(a)(1)(C)**. "A party must make its initial disclosures based on the information then reasonably available to it . . .[and]

is not excused from making its disclosures because it has not fully investigated the case . . . ."
**Federal Rule of Civil Procedure 26(a)(1)(E)**. Additionally, a party has a duty to supplement or correct a Rule 26(a) disclosure.

A party who has made a disclosure under **Rule 26(a)**—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

**Federal Rule of Civil Procedure 26(e)(1)(A) and (B).**

ArcelorMittal has argued that the plaintiff failed to disclose Atkins as a witness in the Rule 26(a)(1) initial disclosures. However, the plaintiff has indicated that he does not intend to use Atkins as a witness to support his case and that there was no duty to disclose him under 26(a)(1). *See* **Federal Rule of Civil Procedure 26** advisory committee's notes (2000) ("A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use.").

Next, ArcelorMittal has argued that plaintiff's counsel was not identified in Rule 26(a)(1) initial disclosures despite having possessed discoverable information regarding the circumstances that prompted Hudson's death investigation by the Porter County Coroner's office. An attorney has an obligation to prepare a case and that includes interviewing witnesses. Defense counsel has no right to interview plaintiff's counsel concerning his trial preparations, mental impressions, or conversations with potential witnesses. The court **WARNS** that such requests will be denied.

Coroner Chuck Harris was deposed on April 19, 2017. ArcelorMittal has argued that Harris' testimony revealed new information. First, ArcelorMittal has alleged that it was aware that Harris had received a letter from plaintiff's counsel on January 16, 2014, regarding a possible coroner's investigation. However, it contends that it was unaware that Harris had discussed the case with plaintiff's counsel by telephone after receiving the letter. ArcelorMittal has alleged that after discussing the case with plaintiff's counsel Harris then "agreed" to have an autopsy done if counsel arranged to have the body transported to Porter Regional Hospital. ArcelorMittal contends that it is unclear what information was provided to Harris that prompted him to perform an autopsy. ArcelorMittal has indicated that these interactions were not disclosed in an interrogatory that requested information about such conversations. It also has alleged that such conversations with Dr. Dali were not disclosed, as well.

Specifically, ArcelorMittal contends that the plaintiff's answer to Interrogatory No. 20 was evasive and inaccurate. Interrogatory No. 20 asked the following:

> Have you (or has anyone acting on your behalf) had any conversations with any person at any time with regard to the manner in which the occurrence complained of occurred, or have you overheard any statements made by any person at any time with regard to the injuries complained of by plaintiff or to the manner in which the occurrence complained of occurred? If the answer to this interrogatory is in the affirmative, state the date or dates of such conversations and/or statements; the matters and things stated by the person in the conversation and/or statements; whether the conversation was oral, written, and or recorded; and who has possession of the statements if written and/or recorded.

The plaintiff responded, "No." The plaintiff has represented that counsel was retained on January 14, 2014, and that no action was taken until that time. Therefore, any information obtained was during the course and scope of the investigation and in anticipation of litigation. The plaintiff contends that those communications were protected by the attorney work-product privilege. Despite the arguments made, the court in considering the totality of the circumstances

8

finds that Interrogatory No. 20 was overly broad and is therefore **STRICKEN.** The court will not compel the plaintiff to supplement a response to Interrogatory No. 20.

Next, ArcelorMittal has argued that it is entitled to know what facts and data plaintiff's experts considered in forming their expert reports. First, pursuant to **Federal Rule of Civil Procedure 26(a)(2)(A),** parties must disclose the identity of any witness who may present evidence under Federal Rule of Evidence 702, 703, or 705. A retained or specially employed expert witness must disclose a written report prepared and signed by the witness. **Federal Rule of Civil Procedure 26(a)(2)(B)**; *see Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) ("[O]nly those witnesses 'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)." (citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756–57 (7th Cir. 2004)). The expert report serves the purpose of putting the opposing party on notice of the expert's proposed testimony, so the opposing party may form an appropriate response. *Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729, 734 (7th Cir. 2010); *Musser*, 356 F.3d at 757–58.

Following the 2010 amendments to Rule 26, **Rule 26(a)(2)(B)(ii)** requires that the written report contain, among other things, "the facts or data considered by the witness." The Advisory Committee Notes indicated that requiring the disclosure of "facts or data" was "meant to limit disclosure to material of a factual nature by excluding the theories or mental impressions of counsel" but at the same time should be "interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients." **Rule 26**, advisory committee notes (2010). Any "further communications about the potential relevance of the facts or data" that may have been provided to plaintiff's experts are protected from discovery. **Rule 26,** advisory committee notes (2010).

The plaintiff has argued that the communications are protected by the attorney work-product privilege. The core of attorney work product consists of "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." **Federal Rule of Civil Procedure 26(b)(3)(B).** The Seventh Circuit held in *Binks Mfg. Co. v. National Presto Industries, Inc.,* 709 F.2d 1109, 1119 (7th Cir. 1983) that "the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." The work-product doctrine is designed to protect an attorney's thought processes and mental impressions against disclosure and to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts. *Sandra T.E. v. S. Berwyn Sch. Dist. 100,* 600 F.3d 612, 621–22 (7th Cir. 2010); *See also Hickman v. Taylor,* 329 U.S. 495, 67 S. Ct. 385, 95 L. Ed. 451 (1947). If an attorney personally prepares a memorandum of an interview of a witness with an eye toward litigation, such memorandum qualifies as work product. *Harper & Row Publishers, Inc. v. Decker,* 423 F.2d 487, 492 (7th Cir. 1970).

However, work-product protection does not apply to communications that identify facts or data the attorney provided and the expert considered, or assumptions the attorney provided and the expert relied on. **Federal Rule of Civil Procedure 26(b)(4)(C)(ii) and (iii).** The plaintiff is **ORDERED** to disclose any facts, data, or assumptions that plaintiff's experts considered in forming their reports, even if derived from communication with plaintiff's counsel.

The plaintiff has requested that the court enter sanctions against ArcelorMittal pursuant to **Federal Rule of Civil Procedure 37(b)(2)(A)**, which authorizes sanctions when "a party ... fails to obey an order to provide or permit discovery." The plaintiff has requested that ArcelorMittal

be precluded from deposing plaintiff's remaining experts and be awarded costs and attorneys' fees for responding to this motion. The court finds that an award of sanctions under the circumstances is unjust and will not preclude ArcelorMittal from taking the remaining depositions.

Based on the foregoing reasons, the Emergency Motion to Stay Expert Discovery, Compel Discovery Responses and for Leave to Conduct Additional Fact Discovery [DE 29] is **GRANTED in part and DENIED in part.** The court **RESETS** the deadline for ArcelorMittal to disclose expert witnesses and submit written reports to **June 26, 2017.**

ENTERED this 8th day of June, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge